Mizrahi v Consolidated Edison Co. of N.Y. Inc. (2022 NY Slip Op 02228)

Mizrahi v Consolidated Edison Co. of N.Y. Inc.

2022 NY Slip Op 02228

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Gische, J.P., Moulton, Scarpulla, Shulman, Pitt, JJ. 

Index No. 450676/16 Appeal No. 15644 Case No. 2021-03241 

[*1]Renee Mizrahi, Plaintiff-Appellant,
v
Consolidated Edison Company of New York Inc. et al., Defendants-Respondents, The City of New York, Defendant. [And Other Third-Party Actions]

Goldstein & Goldstein, P.C., Brooklyn (Benjamin S. Goldstein of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach LLP, New York (Daniel S. Ratner of counsel), for Consolidated Edison Company of New York, Inc., respondent.
Fischetti & Pesce, LLP, Rockville Centre (Michelle A. Gellman of counsel), for Triumph Construction Corp., respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered February 3, 2021, which, insofar as appealed from as limited by the briefs, granted the motion of defendants Consolidated Edison Company of New York, Inc. (Con Ed) and Triumph Construction Corp.'s (Triumph) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
In this personal injury action plaintiff alleges that she fell off of her bicycle on the roadway on West 125th Street in Manhattan when her bicycle's front tire became caught in a raised metal plate, known as a "service box," located in the roadway. Con Ed owns and is responsible for maintaining the service box, and Triumph worked on the service box about three years before plaintiff fell. The record demonstrates that the pavement surrounding the service box was not involved in the accident. Plaintiff concedes on appeal that the surface of the service box was not defective when she fell, and her contention that the service box was not flush with the surrounding roadway is belied by the record, as is her contention that she fell after her front tire hit the bottom of the plate.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022